**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-10016 |
| | * | |
| RYAN L. HESS | * | CHAPTER 7 |
| | * | |
| DEBTOR | * | SECTION "B" |
| | * | |

* * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO (I) EMPLOY ATTORNEYS AS SPECIAL COUNSEL ON A BLENDED RATE FEE BASIS AND (II) OBTAIN FUNDING NEEDED TO COMPENSATE SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 364 AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

NOW INTO COURT through undersigned counsel, comes Ronald J. Hof, Chapter 7 Trustee of the above captioned bankruptcy proceeding ("Applicant" or "Trustee"), who responds to the two objections that were filed in response to the *Application for Order Authorizing Trustee to (I) Employ Attorneys as Special Counsel on a Blended Rate Fee Basis and (II) Obtain Funding Needed to Compensate Special Counsel Pursuant to 11 U.S.C. §364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* **[P-88]** ("Application"), as follows.

**I.  SUMMARY**

The objections are an attempt to forestall the Trustee's investigation of certain claims the Bankruptcy Estate may have against M2 Group, LLC, M6 Capital Partners, LLC, (sometimes "M2/M6") as well as against Mass P. Blackwell and his entities (sometimes "Blackwell"). In that effort, M2/M6 and Blackwell, none of which purport to be creditors in this proceeding and are not parties-in-interest,[1] exaggerate the relationship between certain persons and entities and blur the

---

[1] The only interest of M2/M6 or Blackwell of which undersigned counsel is aware is their potential role as one or more defendant in lawsuit(s) to be filed by Trustee for the captioned estate and its subsidiaries, AHG, LLC or Hess Farms, LLC. A defendant to a lawsuit is not a

lines between individuals and entities in an attempt to impute an adverse interest onto Mr. Albert J. Derbes, IV and The Derbes Law Firm, LLC ("Derbes"). Derbes vehemently disagrees that he represents an interest adverse to the bankruptcy estate, but to further illustrate and clear the slightest inference that Derbes represents an adverse interest, Derbes will withdraw as counsel of record for Shale Support Services, L.L.C. ("S3") and will agree not to represent S3 in this proceeding or otherwise, if he is approved by the Court to represent the Trustee. Further, Derbes is disinterested as he has no "personal" interest in the case and his only personal interest is to maximize the recovery received by the bankruptcy estate in this matter.

Neither the prior representation of S3 in the Alliance Bankruptcy proceeding nor the current representation of S3 in the monitoring of this proceeding prohibits Derbes from being hired as counsel to the Trustee in this proceeding pursuant to Section 327(a) as general or special counsel; because Derbes is disinterested and does not represent an interest that is adverse to the interest of the Bankruptcy Estate or any class of creditors.

## II. BACKGROUND

The Trustee seeks to hire Derbes because he is familiar with the facts of this case and the parties involved. This knowledge, in addition to his experience in representing Chapter 7 Trustees for more than a decade, makes Derbes the most logical person/firm to be hired as counsel for this specific assignment. It is correct that Derbes obtained his knowledge through his prior representation of S3 in the Alliance Consulting Group ("Alliance") Bankruptcy in the Southern District of Mississippi, Gulfport Division. That company involved a frac sand processing plant's reorganization. The plant sits upon land recently owned by AHG, LLC, part of the community property in the captioned bankruptcy. On information and belief, the land was transferred to one

---

"party-in-interest" for bankruptcy purposes. *In re Sweeney*, 275 B.R. 730, 733 (Bankr. W.D. Pa. 2002).

or more of M2 and/or M6. On information and belief, avoidance actions may be available to recover the land for the benefit of AHG, LLC, and hopefully, the benefit of the captioned estate. [2, 3]

## II. LAW AND ANALYSIS

### A. General Rule is That Trustee has Discretion to Select Counsel

"Trustees may select their own attorneys, accountants and other professional persons without interference from creditors." 3-327 Collier on Bankruptcy P 327.04 (citations omitted). "'Only in the rarest cases' will the trustee be deprived of the ability to select qualified counsel, for '[t]he relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously.'" *Id*.

### B. Derbes Meets the Requirements to Represent the Bankruptcy Estate Under Section 327(a)

The oppositions filed by Blackwell and M2/M6, (collectively referred to herein as the "Opponents") incorrectly assumes that Derbes does not meet the requirements of Section 341(a) because the Application uses the term "Special Counsel"[4] and the affidavit of Derbes did not specifically use the term "disinterested." As demonstrated below, Derbes does meet the requirements of Section 341(a) and is a disinterested person. Further, attached hereto as **Exhibit A** is a supplemental affidavit of Mr. Derbes that specifically states that he is a disinterested person.

---

[2] The role of Blackwell in these transfers was not surmised until the filing of Blackwell's objection to the Application.

[3] The Alliance Bankruptcy plan has been confirmed, with any claim which may have existed against S3 being settled. S3 received monies in the settlement.

[4] The Application referenced the term "special counsel" on a number of occasions to note that Derbes was being hired for a very specific purpose that was consistent with the Blended Fee Agreement and did not intend to suggest that Derbes did not meet the requirements under Section 327(a), as the opposition states.

Pursuant to Section 327(a), the Trustee may employ an attorney that (1) does not hold or represent an interest adverse to the estate and (2) is a disinterested person. 11 U.S.C. § 327(a); *In re AroChem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999).

### 1. Adverse Interest Prong of the Test

#### i. Present Tense Component

"It has been held that, because section 327(a) speaks in the present tense ('that do not hold or represent an interest adverse to the estate'), **attorneys are not disqualified because of 'interests it may have held or represented in the past.'**" 3-327 Collier on Bankruptcy P 327.04 (emphasis added)(citations omitted). Counsel will be disqualified under section 327(a) only if he **presently** "hold[s] or represent[s] an interest adverse to the estate," notwithstanding any interests he may have held or represented in the past. *In re AroChem Corp.*, 176 F.3d 610, 623 (2d Cir. 1999) (Because attorney terminated its representation of creditor, it no longer represents creditor's interests and therefore survives the first half of the section 327(a) test.)

#### ii. Adverse Interest Prong of the Test

A party has an "adverse interest" to the estate if they: "(1) [ ] possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) [ ] possess a predisposition under circumstances that render such a bias against the estate." *In re American Intern. Refinary, Inc.*, 676 F.3d 455, 461 (5th Cir. 2012); *citing West Delta Oil*, 432 F.3d at 356; *In re AroChem Corp.,* 176 F.3d 610, 623 (2d Cir.1999) (same); *In re Crivello*, 134 F.3d 831, 835 (7th Cir.1998) (same). Pursuant to the above definition set forth by the Fifth Circuit, Derbes does not personally hold an adverse interest to the Bankruptcy Estate and does not represent any party that holds an adverse interest to the Bankruptcy Estate.

S3's only interest in this bankruptcy proceeding is that Rowan, LLC, which is owned by the Bankruptcy Estate, owns a 10% minority interest in S3. S3 does not (1) possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) possess a predisposition under circumstances that render such a bias against the estate. Accordingly, S3 does not have an adverse interest to the estate.

Further, to clear the inference of even the slightest risk of Derbes representing an adverse interest, Derbes is going to withdraw as counsel of record for S3 in this proceeding, if approved by the Court to represent the Trustee. Because Derbes will withdraw as counsel of record for S3, even if the Court were to find that S3 had an adverse interest to the estate, Derbes should not be disqualified because of "interests it may have held or represented in the past." *In re AroChem Corp.*, 176 F.3d 610, 623 (2d Cir.1999). Thus, Derbes should not be disqualified from representing the Bankruptcy Estate since he does not hold an adverse interest to the bankruptcy estate and does not presently represent an adverse interest to the bankruptcy estate.

2. **Disinterested Person Prong of the Test**

"The term 'disinterested' is defined in 11 U.S.C. § 101(14) as a person (1) who 'is not a creditor, an equity security holder, or an insider,' (2) who 'is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor,' and (3) who 'does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.'" *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 462 (5th Cir. 2012); *citing* 11 U.S.C. § 101(14); *W.F. Dev. Corp.*, 905 F.2d at 884, *discussing* clauses (A), (B) and (C) of 11 USC 101(14). Derbes does not fall into any of the above three

categories, but the only category that could possibly be argued, is the third requirement, clause (C) of 11 U.S.C. § 101(14).

"When determining whether a professional holds a disqualifying 'interest materially adverse' under clause (C) of the definition of disinterested, courts have generally applied a factual analysis to determine whether an **actual conflict of interest exists**." 3-327 Collier on Bankruptcy P 327.04 (emphasis added) (citations omitted). "The standards for finding a conflict are 'strict' and "attorneys engaged in the conduct of a bankruptcy case 'should be free of the slightest **personal interest** which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration.' " *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 462 (5th Cir. 2012) (emphasis added); *West Delta Oil*, 432 F.3d at 355 (quoting *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1256 & n. 6 (5th Cir.1986)).

The Fifth Circuit looks to the "personal interest" of the attorney **and not to the attorney's client's interest to determine if the attorney is disinterested**, as it did in *In re West Delta Oil Co., 432 F.3d 347 (5th Cir.2005)*. In *In re West Delta Oil Co.,* the Court determined that special counsel for the Debtor-in-Possession who was personally involved with a group of investors that was trying to acquire debtor's assets had an actual conflict of interest. *Id*. Derbes has no conflict of interest and has no "personal" interest in this proceeding, other than the interest and incentive under the Blended Fee Agreement with the Trustee to maximize the recovery received by the bankruptcy estate. Since Derbes does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason, he is a "disinterested person" and meets the requirement of the "disinterested" prong of the test.

Accordingly, because Derbes (1) does not hold or represent an interest adverse to the estate and (2) is a disinterested person, the standard for broad representation under 11 U.S.C. § 327(a) is satisfied.

### B. Derbes Can Be Hired As Special Counsel When He Did Not Previously Represent the Debtor

However, Trustee did not seek to hire Derbes broadly. Instead, he sought to hire Derbes in order to:

*Investigate, and if appropriate, instigate possible avoidance and other causes of action available to the bankruptcy estate's subsidiaries, AHG, LLC ("AHG") and Hess Farms, LLC ("Hess Farms"), **against transferees and further transferees of AHG and/or Hess Farms' assets**.*

The Opponents suggest that the Trustee cannot hire counsel for a limited purpose under Section 327(a) and that special counsel can only be hired for a limited purpose under Section 327(e), i.e. when the attorney previously represented the debtor.[5]

This reasoning is not only inconsistent with the statute and case law, but would also lead to absurd results. For example, if the trustee wanted to hire counsel to represent the bankruptcy estate in tax court and the debtor was not previously represented by counsel in tax court, the Opponent's rationale would prevent the trustee from retaining counsel under Section 327(a) for the limited purpose of representing the Bankruptcy Estate in tax court. Further, if the trustee

---

[5] Opponents do not address Section 327(c) which also permits the hiring of counsel when the attorney has previously represented a creditor provided there is no "actual conflict of interest". 11 U.S.C. §327(c). Although § 327 prohibits an attorney from simultaneously representing a creditor and a trustee as general counsel, the cases are uniformly in agreement that this prohibition does not apply where the attorney is representing the trustee only as special counsel employed for a specific and limited purpose. *In re Maynard*, 172 B.R. 353, 355 (Bankr. M.D. Fla. 1994) *citing In re Fondiller*, 15 B.R. 890 (9th Cir. BAP 1981); *In re Sally Shops, Inc.*, 50 B.R. 264 (Bankr.E.D.Pa.1985); *In re National Trade Corp.*, 28 B.R. 872 (Bankr.N.D.Ill. 1983). Derbes does not represent a creditor in this proceeding, but it stands to reason that the representation of a party-in-interest is less offensive than the representation of a creditor and should be given the same treatment, at a minimum, when determining if an attorney can represent the trustee.

wanted to hire a personal injury attorney to represent the bankruptcy estate in state court when the debtor was previously represented by counsel, the Opponent's rationale would force the trustee to hire debtor's prior counsel under 327(e) rather than a different counsel chosen by the trustee for this special purpose under 327(a).

In certain circumstances, such as this one, it is in the best interest of the bankruptcy estate for a trustee to hire counsel, who has not represented the debtor or a creditor, for a specific purpose and not as general counsel. In these cases Bankruptcy Courts are given broad discretion in permitting representation of the bankruptcy estate for specific purposes and courts have further narrowed the requirements of Section 327(a). The courts interpret that part of §327(a) which reads that attorneys for the trustee may "not hold or represent an interest adverse to the estate" to mean that the attorney must not represent an **adverse interest relating to the services which are to be performed by that attorney**. *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (emphasis added); *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir.1993); *In re Fondiller*, 15 B.R. 890, 892 (9th Cir. BAP 1981); *In re Sonya D. Int'l, Inc.*, 484 B.R. 773, 780 (Bankr. C.D. Cal. 2012) ("The Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") has held that special counsel can be employed even when such counsel has not represented the debtor prepetition.") Accordingly, if the Court finds that Derbes does not meet the broad requirements of Section 327(a) as set forth above, it is proper for the Court to ask whether—**with respect to the special representation Derbes has been hired to undertake**— does Derbes (1) hold or represent an interest that is adverse to the estate, and (2) is a "disinterested person. *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999).

The rationale used by the Second and Ninth Circuit is consistent with the Fifth Circuit's decisions concerning the employment of professionals. The Fifth Circuit has explained that "[t]he

determination of an adverse interest must be made 'with an eye to the specific facts of each case.'" *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 462 (5th Cir. 2012) *quoting West Delta Oil*, 432 F.3d at 356. Instead of creating a hard and fast rule, the Fifth Circuit realizes that the facts of each case are important and may require a slightly different analysis when determining if an attorney holds or represents an interest adverse to the estate.

When the Court considers the facts of this specific case and the task that Derbes is being retained to perform, there is no question that Derbes can carry out the high degree of impartiality and detached judgment expected of him during the course of administration and serve the best interest of the estate. Thus, the Court should approve the Application.

### D. Mass P. Blackwell, M2 Group, LLC, and M6 Capital Partners, LLC Lack Standing to File an Objection to the Application

Blackwell and M2/M6 are not creditors or parties-in-interest in this proceeding. Because said entities lack any relation to the instant bankruptcy case, they are not parties-in-interest, which means that they lack standing to participate in matters that deal solely with the administration of the case such as, inter alia, the Trustee's Application. *In re Sweeney*, 275 B.R. 730, 733 (Bankr. W.D. Pa. 2002) (The Court found that state court defendants were not parties-in-interest and had no standing to object to trustee's motion to reopen the case and trustee's application to employ counsel).

### IV. CONCLUSION

Derbes meets the statutory and jurisprudential requirements of 11 U.S.C. § 327 and should be permitted to represent the Chapter 7 Trustee as set forth in the Application.

Respectfully submitted:

**THE DERBES LAW FIRM**, **L.L.C.**
*/s/Albert J. Derbes, IV*
ALBERT J. DERBES, IV, T.A. (20,164)
FREDERICK L. BUNOL (29,111)
3027 Ridgelake Drive
Metairie, LA 70002
Phone: (504) 837-1230
Facsimile: (504) 832-0322
*Proposed counsel for Ronald J. Hof, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-10016 |
| | * | |
| RYAN L. HESS | * | CHAPTER 7 |
| | * | |
| DEBTOR | * | SECTION "B" |
| | * | |

* * * * * * * * * * * * * * * * * * * *

## SUPPLEMENTAL AFFIDAVIT OF PROPOSED ATTORNEY

STATE OF LOUISIANA

PARISH OF JEFFERSON

    I, Albert J. Derbes, IV, declare:

1. I am an attorney and counselor at law duly admitted to practice before the bar of the United States District Court for the Eastern District of Louisiana.
2. I am a member of The Derbes Law Firm, L.L.C., all of whose members are also duly admitted to practice law in the State of Louisiana and in this Court.
3. The Derbes Law Firm, L.L.C. maintains an office for the practice of law at 3027 Ridgelake Drive, Metairie, Louisiana 70002.
4. To the best of my knowledge, information or belief, neither I nor any of the members of The Derbes Law Firm, L.L.C. have any connection with the debtor, creditors or any other parties in interest herein or their respective attorneys and accountants, with the exception that The Derbes Law Firm, LLC represents Shale Support Services, LLC, a party-in-interest.
5. To the best of my knowledge, information or belief, neither I nor any members of The Derbes Law Firm, L.L.C. have any interests adverse to the trustee of the estate or the estate in regards to the matters for which employment is sought.
6. I and The Derbes Law Firm, L.L.C. are eligible to serve as counsel to the bankruptcy estate and the Trustee pursuant to the provisions of 11 U.S.C. §327.
7. To the best of my knowledge, information or belief, I and the members of The Derbes Law Firm, L.L.C. are disinterested persons as that term is defined in 11 U.S.C. §101(14).

Sworn to and subscribed before me on this 12 day of October, 2015.

_____
NOTARY PUBLIC

_____
Albert J. Derbes, IV
The Derbes Law Firm, L.L.C.
3027 Ridgelake Drive
Metairie, LA 70002
Phone: 504-837-1230

FREDERICK L. BUNOL
NOTARY PUBLIC - No. 78983
Jefferson Parish, LA
My Commission is for Life.